1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TROY EVERETTE WILLIAMS,

11          Petitioner,                    No. CIV S-08-2903 EFB P

12      vs.

13   T. FELKER, Warden,

14          Respondent.                    ORDER

15   _____/

16        Petitioner, a state prisoner proceeding without counsel and *in forma pauperis*, seeks a

17   writ of habeas corpus. *See* 28 U.S.C. § 2254. This case is before the undersigned pursuant to

18   petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

19        A judge "entertaining an application for a writ of habeas corpus shall forthwith award the

20   writ or issue an order directing the respondent to show cause why the writ should not be granted,

21   unless it appears from the application that the applicant or person detained is not entitled

22   thereto." 28 U.S.C. § 2243. It appears on the face of the amended petition that petitioner has

23   failed to exhaust state court remedies as to his challenge to the nine-year sentence imposed upon

24   him in the Sacramento County Superior Court.

25        The exhaustion of state court remedies is a prerequisite to the granting of a petition for

26   writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived

1

explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985), *cert. denied*, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. Petitioner indicates that he filed a petition for writ of habeas corpus in the California Third District Court of Appeal. When asked, "Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion," petitioner responded "no" and stated that his attorney "drop[ped] off" after the appellate court denied his petition for writ of habeas corpus and that he "didn't know how to continue on in this process." Am. Pet. at 4. Thus, it appears that petitioner's claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner.

Accordingly, IT IS HEREBY ORDERED that petitioner shall, within 30 days of the date this order is served, demonstrate that he has presented his claims to the California Supreme Court or that state remedies are no longer available. Petitioner's failure to comply with this order will result in a dismissal upon the ground that petitioner has failed to exhaust state remedies.

Dated: May 29, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).