IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TROY EVERETTE WILLIAMS,

      Petitioner,                    No. CIV S-08-2903 EFB P

   vs.

T. FELKER, Warden,

      Respondent.              <u>ORDER</u>

_____/

      Petitioner is a state prisoner proceeding without counsel on his March 2, 2009 amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The proceeding is before the undersigned pursuant to petitioner's consent and 28 U.S.C. § 636 and E.D. Cal. Local Rule, Appx. A, at (k)(1)-(2).

      On May 29, 2009, this court ordered petitioner to show cause why this action should not be dismissed without prejudice for petitioner's failure to exhaust state court remedies. He filed a response on July 6, 2009, stating that he recently (on June 24, 2009) filed a petition for writ of habeas corpus in the California Supreme Court, and requesting a stay pending resolution of his petition by that court.

      For the reasons explained below, this action must be dismissed without prejudice. In the May 29, 2009, order to show cause, the court explained the exhaustion requirement. In

particular, the court explained that a federal habeas petitioner must have presented to the state's highest court and afforded that court the opportunity to rule on the same claims he asserts as grounds for federal habeas relief. Petitioner admits that his petition is now pending in the California Supreme Court. He has therefore failed to exhaust state court remedies, as the California Supreme Court has not yet had the opportunity to resolve petitioner's constitutional claims on their merits. *See Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002). In *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the Supreme Court held that a district court may stay a mixed petition, containing both exhausted and unexhausted claims, pending exhaustion of state remedies. *Rhines* does not permit a court to stay a completely unexhausted petition. The instant petition is completely unexhausted. Thus, the court may not stay the proceedings in this action, and since petitioner did not satisfy the exhaustion requirement, this action must be dismissed.

Accordingly, it is hereby ORDERED that petitioner's application for a writ of habeas corpus is dismissed without prejudice for failure to exhaust state remedies.[1]

Dated: October 6, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).